UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MEDICAL CARD SYSTEM, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> EQUIAN, LLC, ET AL., <br><br> Defendants. | CIVIL NO. 16-1228 (GAG) |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

To The Honorable Court:

Medical Card System, Inc. and MCS Life Insurance Company (collectively, Plaintiffs) respectfully move, under Federal Rule of Civil Procedure 15(a), for leave to file an amended complaint, which is tendered to this motion.

**Argument**

As a threshold matter, "Rule 15's liberal amendment policy," *Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563, 569 (1st Cir. 2012), is the standard that governs this request for leave to amend, *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (construing this rule and proclaiming that "this mandate is to be heeded"). The short of it is that Rule 15, rather than Rule 16(b), applies: This Honorable Court has entered neither a scheduling order, *see* Fed. R. Civ. P. 16(b)(1), nor a deadline to amend the pleadings, *see U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d

188, 194 (1st Cir. 2015) (comparing Rule 16(b)'s stringent "good cause" standard with Rule 15's liberal one). The upshot is that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and, for the reasons laid out below, Plaintiffs respectfully submit that justice would be best served here by letting them file a *first* amended pleading.

Meanwhile, "[r]equests to amend should be made by separate motion and should attach the proposed amended complaint so that the Court is able to evaluate the nature of the proposed amendment and its sufficiency." *Vazquez-McLear v. State Ins. Fund*, No. 12-1927, 2013 WL 3215469, at *4 (D.P.R. June 24, 2013) (Gelpí, J.) (citations and internal quotation marks omitted). Here, Plaintiffs have tendered their proposed amended complaint with this Local Rule 7(a)-compliant motion.

**The proposed amendments meet Rule 15(a)(2)'s liberal standard.**

Turning to the nub of the proposed amended complaint, Plaintiffs have added two new causes of action (breach of contract and "contract in prejudice of a third person") against Equian and Star Healthcare, the intermediaries that impermissibly signed two leonine contracts on Plaintiffs' behalf and in their prejudice. The incomplete and defective discovery responses and production of documents—which soon may necessitate this Honorable Court's intervention—suggest that DaVita used its muscle power to pressure Star Healthcare and Equian into contractually harming Plaintiffs. Thus, and for the reasons set forth in the proposed amended complaint, Plaintiffs are now suing DaVita for contracting with Equian and Star

2

Healthcare to harm Plaintiffs (including a new cause of action for tortious interference).

Plaintiffs are also laying the foundations, including the remedies sought, to continue (as is their right) their independent claims against Equian and Star Healthcare irrespective of DaVita's participation and regardless of the challenged arbitration. Beyond these substantive changes, Plaintiffs have made editorial and format changes to the amended complaint; they have reduced word count and eliminated footnotes; and they have corrected any inaccuracies. *See generally* Fed. R. Civ. P. 8(a)(2) and 10(b).

More importantly for present purposes, these proposed amendments violate none of the so-called Foman factors, which, the Supreme Court has instructed, "might justify the denial of a motion for leave to amend." *U.S. ex rel. D'Agostino*, 802 F.3d at 195 (citing *Foman*, 371 U.S. at 182). Although district courts need not, of course, "mindlessly grant every request for leave to amend," *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006), in granting this motion, this Honorable Court would be acting well within its ample discretion—it would be furthering justice.

To begin with, this would be Plaintiffs' *first* request to amend their complaint. And because "[t]he number and nature of prior amendments to a complaint" are relevant factors, *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008), these cut, without serious question, in favor of allowing the amendments. In a similar vein, no undue delay in moving to amend exists here, as Plaintiffs filed

their original complaint barely five months ago. *See* ECF No. 1. Contrast *Perez v. Hosp. Damas, Inc.*, where the First Circuit collected "cases imposing on the movant the burden to explain grounds for delay when the delay was fourteen, fifteen, and seventeen months, respectively." 769 F.3d 800, 802 (1st Cir. 2014) (citation and parentheses omitted); *see also*, *e.g.*, *id.* (holding that because "[m]ore than two years elapsed between the . . . complaint and their motion for leave to amend it [,] . . . plaintiffs bore the burden of explaining their attempt to add [a new defendant] so late in the case").

Next, "the possibility that the defendants will be seriously prejudiced by allowing amendment at this . . . early stage of the litigation," *U.S. ex rel. D'Agostino*, 802 F.3d at 195 n. 4, is farfetched. It is hard to fathom what "undue prejudice" could be inflicted on the defendants by allowing amendments to a complaint they have not *answered in the first place.* This, too, weighs in favor of allowing the proposed amendments. The procedural posture of this case further obliterates any serious claim of undue prejudice, not least because the defendants have conducted no discovery. *See Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) ("Most often, this prejudice takes the form of additional, prolonged discovery and a postponement of trial."). It would thus stretch credulity to say that allowing the proposed amended complaint would "limit[ ] [the defendants'] ability to adapt [their] defense[s] . . . ." *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 72 (1st Cir. 2001).

Lastly, none of the proposed amendments, which may require discovery (because the defendants control most of the information, *see Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012) (Boudin, J.)), are legally insufficient on their face. Nor are they being advanced in bad faith or for dilatory motives. And because Plaintiffs are adding no new defendants, the proposed amended complaint would have little effect on this Honorable Court's already busy docket.

**Conclusion**

For the reasons stated, and because "justice so requires," Fed. R. Civ. P. 15(a)(2), this Honorable Court, in the exercise of its ample discretion, should grant Plaintiffs' leave to file the tendered amended complaint. If the Court grants this motion, Plaintiffs will immediately file the amended complaint as a separate docket entry.

Dated: July 11, 2016                                    Respectfully submitted,


**DEL TORO & SANTANA**
*Attorneys for Medical Card System, Inc.
and MCS Life Insurance Company*

Plaza 273, Suite 900
273 Ponce de León Ave.
San Juan, Puerto Rico 00917-1934
Tel. (787) 754-8700
Fax (787) 756-6677

**/S/ ROBERTO SANTANA-APARICIO**
USDC-PR 122811
santana@dtslaw.com

**/S/ ARTURO V. BAUERMEISTER**
USDC-PR 302604
abauermeister@dtslaw.com

**CERTIFICATE OF SERVICE**

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: **/s/ Arturo V. Bauermeister**